# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10137
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW RYAN THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-152-6

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Matthew Ryan Thompson pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. The district court sentenced him, at the middle of the guidelines range, to 420 months of imprisonment. Thompson now appeals his sentence, arguing that the district court clearly erred in determining the drug quantity used to establish his base offense level.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10137

An appellate court must ensure that the sentencing court committed no significant procedural error, including improperly calculating the guidelines range. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). We review the district court's determination of drug quantity for clear error and will thus affirm the finding as long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted).

The presentence report (PSR) reflected that Thompson's relevant conduct included 300 ounces of methamphetamine that he and Kristy Jennings obtained for distribution before Jennings's arrest, 675 ounces of methamphetamine he obtained after Jennings's arrest, and eight ounces of methamphetamine he and his supplier delivered together, totaling 983 ounces of methamphetamine. "As a general rule, information in the [PSR] is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015) (alteration in original) (internal quotation marks and citation omitted).

Thompson provided no such evidence. Further, even a PSR based on hearsay statements of codefendants may be reliable for sentencing purposes. *See United States v. Zuniga*, 720 F.3d 587, 591-92 (5th Cir. 2013). The district court's drug-quantity finding was plausible in light of the record before us.

AFFIRMED.